UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WALID TAHA, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-11-2060 |
| | § | |
| WILLIAM MARSH RICE UNIVERSITY, | § | |
| | § | |
| *Defendant*. | § | |

**ORDER**

Pending before the court is defendant William Marsh Rice University's ("Rice") motion to partially dismiss plaintiff Walid Taha's ("Taha") fraud and negligent misrepresentation claims. Dkt. 17. Having reviewed the motion, related documents, and applicable law, the court finds that the motion to partially dismiss should be GRANTED IN PART and DENIED IN PART.

**I. BACKGROUND**

This case concerns employment discrimination, fraud, and negligent misrepresentation claims. These claims arise out of Taha's denial of tenure as a professor at Rice. Dkt. 16. Taha is a research scientist and was previously an assistant professor in the Computer Sciences Department ("Department") at Rice. *Id.* Assistant professors are appointed to an initial term of four years and, if reappointed, serve a second term for an additional four years. Dkt. 8. If the assistant professor is not promoted to tenured professor by the end of the seventh year, the eighth year serves as his or her final year in Rice's professorial ranks. *Id.*

Taha is a Muslim born in Egypt and educated at Kuwait University. Dkt. 16. He began his employment with Rice in August of 2002. *Id.* During his initial on-campus interview, Taha asked

Sidney Burrus, Dean of Rice's School of Engineering, what Taha would need to do to obtain tenure at Rice. *Id.* In response, Burrus allegedly stated that Taha needed to keep doing what he was doing. *Id.* In the fall of 2007, Taha began to consider a bid for tenure, and approached Professor Keith Cooper, who was the current Chair of the Department. *Id.* Taha expressed a concern about Professor Joe Warren, the incoming Chair of the Department, overseeing Taha's tenure consideration. *Id.* Taha recalled a prior confrontation between him and Warren regarding certain derogatory comments that Warren allegedly made about Egyptian students. *Id.* Taha was concerned that this confrontation and a racial bias may impact his chances of obtaining tenure before Warren's tenure committee. *Id.* After hearing these concerns, Cooper allegedly represented to Taha that Cooper would "handle" Taha's tenure consideration. *Id.* Taha further asked Cooper whether Taha should defend his teaching record in his tenure dossier, and Cooper allegedly stated that there was no need for him to do so. *Id.* Taking Cooper's assurance, Taha focused almost exclusively on his course development efforts at Rice when preparing his tenure dossier. *Id.* Taha alleges that, despite Cooper's assurance that he would handle Taha's bid for tenure, Cooper did not even attend the Department's first tenure meeting, and that Warren chaired the first four meetings. *Id.* On November 13, 2008, Warren informed Taha that the Department had denied him a tenured position, citing a dissatisfaction with Taha's teaching as a primary reason. *Id.*

Taha brought this lawsuit on June 2, 2011. *Id.* He asserts claims for discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, fraud, negligent misrepresentation, and detrimental reliance. *Id.* Taha states that Burrus intentionally made false representations during Taha's initial on-campus interview that if he performed in a certain manner, he would be granted tenure, that Cooper intentionally made false representations that Cooper would

handle Taha's tenure case, and that Cooper intentionally made false representations that Taha did not need to defend his teaching record in his tenure dossier. *Id.* In the alternative, Taha claims that Rice made these statements without the exercise of reasonable care or competence in obtaining or communicating the false information, and that Taha detrimentally relied upon the statements. *Id.* Rice now moves to dismiss the fraud claim because Taha has not pled it with particularity as required by Federal Rules of Civil Procedure 9(b) and it moves to dismiss the negligent misrepresentation claim under Rule 12(b)(6) because Taha does not allege misrepresentation of an existing fact. Dkt. 17.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a party may move for dismissal of a complaint if it believes that the plaintiff fails to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6); *Aschroft v. Iqbal,* 566 U.S. 662, 129 S. Ct. 1937 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 127 S.Ct. 1955 (2007). The court accepts as true all facts alleged in a complaint, and views the facts in the light most favorable to the plaintiff. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). The court does not look beyond the face of the pleadings when determining whether the plaintiff has stated a claim under Rule 12(b)(6). *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). A plaintiff's complaint survives a Rule 12(b)(6) motion to dismiss if it includes facts sufficient "to raise a right to relief above the speculative level." *In re Katrina Canal Breaches Litig.*, 495 F.3d at 205. In order to survive a motion to dismiss, the complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 547. The supporting facts must be plausible—enough to raise a reasonable expectation that discovery will reveal further supporting evidence. *Id.* at 556.

This plausibility standard requires the plaintiff to plead facts sufficient to allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). Thus, the plaintiff must demonstrate "more than a sheer possibility that the defendant has acted unlawfully." *Id.* Furthermore, while the court must accept well-pleaded facts as true, it will not "strain to find inferences favorable to the plaintiff." *Southland Sec. Corp. v. Inspire Ins. Solutions, Inc.,* 365 F.3d 353, 361 (5th Cir. 2004).

In addition to meeting the plausibility standard, under Federal Rule of Civil Procedure 9(b), if a party is alleging fraud or mistake, the pleading must "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b); *United States ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 185 (5th Cir. 2009) (noting that Rule 9(b) does not "supplant" Rule 8(a)). However, this particularity requirement "does not 'reflect a subscription to fact pleading.'" *Id.* (quoting *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 178 (5th Cir. 1997)). Instead, pleadings alleging fraud must contain "simple, concise, and direct allegations of the circumstances constituting the fraud, which . . . must make relief plausible, not merely conceivable, when taken as true." *Id.* (internal quotations omitted) (referring to the standard enunciated in *Twombly*).

The Fifth Circuit interprets Federal Rule of Civil Procedure 9(b) strictly, "requiring a plaintiff pleading fraud to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Id.* (quoting *Herrmann Holdings Ltd. v. Lucent Techs. Inc.*, 302 F.3d 552, 564–65 (5th Cir. 2002)). Thus, Rule 9(b) generally requires the complaint to "set forth 'the who, what, when, where, and how' of the events at issue." *Id.* (quoting *ABC Arbitrage Plaintiffs Grp. v. Tchuruk*, 291 F.3d 336, 350 (5th Cir. 2002)). However, "Rule 9(b)'s ultimate meaning is context-specific." *Grubbs*, 565 F.3d at 185.

Thus, "[d]epending on the claim, a plaintiff may sufficiently 'state with particularity the circumstances constituting fraud or mistake' without including all the details of any single court-articulated standard—it depends on the elements of the claim at hand." *Id.*

### III. ANALYSIS

**A.    Fraud Claim**

In Texas, to allege common law fraud, plaintiffs must allege "(1) that a material misrepresentation was made; (2) the representation was false; (3) when the representation was made, the speaker knew it was false or made it recklessly without any knowledge of the truth and as a positive assertion; (4) the speaker made the representation with the intent that the other party should act upon it; (5) the party acted in reliance on the representation; and (6) the party thereby suffered injury." *In re FirstMerit Bank, N.A.*, 52 S.W.3d 749, 758 (Tex. 2001).

A fraud claim requires a misrepresentation of material fact, and pure expressions of opinion or future prediction are not actionable. *Trenholm v. Ratcliff*, 646 S.W.2d 927, 930 (Tex. 1983). However, there are two exceptions to this general rule barring fraud actions arising from expressions of an opinion or future prediction. First, "[a]n expression of an opinion as to the happening of a future event may also constitute fraud where the speaker purports to have special knowledge of facts that will occur or exist in the future." *Id.* Second, "when an opinion is based on past or present facts, an action for fraud may be maintained." *Id.*

Taha bases his fraud claim on three alleged misrepresentations. First, Taha asserts that Burrus falsely represented that Taha would obtain tenure if he continued to perform at a certain level. Second, Cooper allegedly stated that he would handle Taha's tenure case. Third, Cooper allegedly said that Taha did not need to defend his teaching record. Clearly, the first two statements are future

promises. Furthermore, Taha has alleged no facts that Burrus purported to possess any special knowledge that Taha will be guaranteed tenure seven or eight years down the road, nor has he alleged that Cooper purported to have any special knowledge with respect to his statements that he would oversee Taha's tenure case. Thus, the exceptions do not save these claims.

The statement by Cooper that Taha did not need to defend his teaching in the tenure dossier could be interpreted as a statement about the present status of Taha's tenure consideration. However, Taha has failed to properly plead his claim relating to this statement—or any of the statements—with particularity as required by Rule 9(b). Under Rule 9(b)'s heightened specificity requirement for fraud claims, Taha must "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Herrmann Holdings Ltd.*, 302 F.3d at 564–65. Nothing in Taha's amended complaint explains why any of the three statements were fraudulent. Taha only alleges that certain statements or promises were made by Burrus and Cooper, that turned out to be untrue, or were never carried out. Taha has failed to plead facts indicating that Burrus and Cooper knew their statements were false, or were made recklessly without any knowledge of the truth. Therefore, the court finds that Taha has not properly pled a plausible claim for fraud, and that Rice's motion to dismiss Taha's fraud claim should be GRANTED.

**B.     Negligent Misrepresentation**

Taha contends, in the alternative, that these statements were negligent misrepresentations. To establish negligent misrepresentation under Texas law, Taha must show (1) the representation was made by Rice in the course of its business, or in a transaction in which it has a pecuniary interest; (2) Rice supplied "false information" for the guidance of others in their business; (3) Rice did not

6

exercise reasonable care or competence in obtaining or communicating the information; and (4) Taha suffered a pecuniary loss by justifiably relying on the representation. *Clardy Mfg. Co. v. Marine Midland Bus. Loans, Inc.*, 88 F.3d 347, 357 (5th Cir. 1996); *Fed. Land Bank Ass'n v. Sloane*, 825 S.W.2d 439, 442 (Tex. 1991).  Similar to a fraud claim, the false information must be a misrepresentation of existing fact, and not one of a future promise. *Allied Vista, Inc. v. Holt*, 987 S.W.2d 138, 141 (Tex.App.—Houston [14th Dist.] 1999, pet. denied).

Rice argues that the alleged representations regarding tenure were future promises, not statements of existing fact, and thus are not actionable.  Cases in which negligent misrepresentation claims have been dismissed as a future promise have typically involved overt promises of future acts. *Airborne Freight Corp.,* 847 S.W.2d at 298 (rejecting the notion that a conditional promise of future employment can be actionable as negligent misrepresentation).  As discussed in the preceding section, Burrus's statement that Taha needed to keep doing what he was doing in order to obtain tenure is, at the most, a future promise. Additionally, Cooper's statement that he would handle Taha's tenure case is a future assurance of performance.  Therefore, Taha has failed to plead an essential element of his negligent misrepresentation claim, and the court finds that Rice's motion to dismiss the negligent misrepresentation claim, to the extent it relies on these two statements, should be GRANTED.

However, Cooper's statement that Taha did not need to defend his teaching record in his dossier can be viewed as information about the present status of Taha's tenure review. *See Lyda Constructors, Inc. v. Butler Mfg. Co.*, 103 S.W.3d 632, 638–39 (Tex. App.—San Antonio 2003, no pet.) (holding that representations about a present ability to perform is actionable as a negligent misrepresentation claim).  Viewing the facts in the light most favorable to Taha, the court finds that Taha has pled a plausible negligent misrepresentation claim with respect to Cooper's statement that

Taha need not defend his teaching record in his dossier. Considering Cooper's experience as Department Chair, and the fact that Taha's eventual denial of tenure was premised upon questions about his teaching record, it is plausible that Cooper's statement was false, and carelessly made to Taha's detriment. Therefore, the court finds that Rice's motion to dismiss Taha's negligent misrepresentation claim, to the extent it relies on this statement, should be DENIED.

### IV. CONCLUSION

Rice's motion to partially dismiss is GRANTED IN PART AND DENIED IN PART. It is GRANTED with respect to Taha's fraud claim, which is hereby DISMISSED WITH PREJUDICE. It is GRANTED IN PART AND DENIED IN PART with respect to Taha's negligent misrepresentation claim. Taha's negligent misrepresentation claim is hereby DISMISSED WITH PREJUDICE to the extent it relies on Burrus's alleged statement relating to Rice's future tenure decision and Cooper's alleged statement that he would handle Taha's tenure case. The motion to dismiss is, however, DENIED with respect to Taha's claim that Cooper negligently misrepresented that Taha did not need to defend his teaching record in his tenure dossier.

It is so ORDERED.

Signed at Houston, Texas on May 3, 2012.

_____
Gray H. Miller
United States District Judge